IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE PYRTLE,<br>TDCJ-CID NO. 1581835, | §<br>§<br>§ | |
| Petitioner, | § | |
| v. | §<br>§ | CIVIL ACTION NO. H-13-1483 |
| WILLIAM STEPHENS, DIRECTOR<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, | §<br>§<br>§<br>§ | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Gary Wayne Pyrtle (TDCJ No. 1581835) is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division pursuant to a state court judgment. Pyrtle filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1). The court ordered Pyrtle to show cause within thirty days why this case should not be dismissed since it appears that the petition is untimely. Having reviewed the petition, available state records, and Pyrtle's response (Docket Entry No. 7), the court concludes that Pyrtle's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

Pyrtle was convicted on June 29, 2009, based on a guilty plea for failure to register as a sex offender. State v. Pyrtle,

No. 1188837A (338th Dist. Ct., Harris County, Tex.) (Docket Entry No. 1, p. 2). Pyrtle did not file a direct appeal. Id. On September 12, 2011, Pyrtle filed a state application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Harris County District Clerk's Website, http://www.hcdistrictclerk.com. The Texas Court of Criminal Appeals denied his application on December 19, 2012. Ex parte Pyrtle, Writ No. 52,200-02. Id.; see also Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us. Pyrtle filed a second state habeas application on August 13, 2012, which was also denied by the Court of Criminal Appeals on December 19, 2012. Ex parte Pyrtle, Writ No. 52,200-03. Id.

Pyrtle had previously filed a federal petition for a writ of habeas corpus challenging the conviction, which was dismissed for failure to exhaust state court remedies. Pyrtle v. Thaler, H-11-2092 (S.D. Tex. June 7, 2011). The pending habeas petition was filed on May 14, 2013, the date he apparently gave the petition to prison officials for mailing to the district court. See Docket Entry No. 1, p. 10; Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008) ("prison mailbox rule").

## II. One-Year Statute of Limitations

Pyrtle's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provisions, which restrict the time in which a state conviction may be challenged. Flanagan

-2-

v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

A state conviction becomes final under the AEDPA when there is no further "'availability of direct appeal to the state courts.'" Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009), quoting Caspari v. Bohlen, 114 S. Ct. 948, 953 (1994). Because no appeal was filed

after the state district court entered its judgment against Pyrtle, his conviction became final on July 29, 2009, the last day he could have filed a notice of appeal. See Tex. R. App. R. 26.2(a) (West 2009); Gonzalez v. Thaler, 623 F.3d 222, 226 (5th Cir. 2010). Therefore, Pyrtle would have been required to file his federal habeas petition on or before July 29, 2010. 28 U.S.C. § 2244(d)(1)(A). A properly filed state post-conviction challenge would toll the limitations period. 28 U.S.C. § 2244(d)(2).

Pyrtle did not file his first state habeas application until September 12, 2011, more than two years after the conviction became final. Consequently, Pyrtle's state habeas petitions do not toll the limitations period under 28 U.S.C. § 2244(d)(2) because they were filed well after the limitations period had expired. Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period."), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Pyrtle's prior federal habeas petition does not toll the AEDPA limitations period because it is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001); Mathis v. Thaler, 616 F.3d 461, 473 (5th Cir. 2010).

Pyrtle has not shown in his petition that he was subjected to any state action that impeded him from filing his petition. 28

U.S.C. § 2244(d)(1)(B). He has not made reference to a newly recognized constitutional right upon which the habeas petition is based; nor has he presented a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C),(D). Therefore, the pending federal habeas petition is subject to a time-bar because it was filed more than a year after the conviction became final. 28 U.S.C. § 2244(d)(1)(A).

The court notified Pyrtle of its findings and ordered him to show cause why this action should not be dismissed as barred by the governing statute of limitations. See Memorandum and Order to Show Cause, Docket Entry No. 6. Pyrtle has filed a response (Docket Entry No. 7), which will be addressed below.

### III. Pyrtle's Response

Pyrtle contends that he had filed a state application for a writ of habeas corpus on September 9, 2011 (Docket Entry No. 9, p. 3). He further alleges that the Texas courts failed to act on the application knowing that he would be prevented from filing a timely federal habeas petition. Id. He also complains that he was significantly prejudiced because he was never notified of the court's action. He further complains that his due process rights were violated during the § 11.07 proceedings.

Pyrtle admits in his response that he has no excuse for his untimely filing; however, he contends that he has had difficulties

due to the restrictions imposed by TDCJ-CID officials (Docket Entry No. 7, p. 7). Pyrtle alleges that during his research in 2013 he found a case, Gonzales v. Duncan, 551 F.3d 875 (9th Cir. 2008), that supports his claim. However, the prison authorities seized his property on or about March 6, 2013. Id. at 12. He further alleges that his cellmate attacked him that same day and that he injured his right hand defending himself. Id. Pyrtle complains that he has difficulty writing because of his injury. Pyrtle also states that he was transferred to the Wynne Unit on May 1, 2013, and that he has been subject to harassment by officials at Wynne, which has hindered his efforts.

Apart from the above allegations, which primarily concern recent events, Pyrtle generally raises complaints about being denied due process during the proceedings in which he was convicted for failing to register as a sex offender. See Docket Entry No. 7, p. 8. He also points out that the victim of the sex crime for which he was convicted was not a minor. Id. at 7. These complaints relating to criminal proceedings that led to Pyrtle's conviction have no relevance to establishing whether he was prevented from seeking post-conviction relief in a timely manner. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

### IV. Analysis

Pyrtle's response may liberally be construed to be a plea for equitable tolling. Petitioners seeking equitable relief regarding

untimely habeas petitions must show that they were diligent in pursuing their rights and that extraordinary circumstances prevented them from doing so. Mathis, 616 F.3d at 474; Stone v. Thaler, 614 F.3d 136, 139 (5th Cir. 2010). Petitioners have the burden of proving that they are entitled to equitable tolling. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

Pyrtle's statement that he had previously filed an application for state habeas relief on September 9, 2011, is unavailing because the federal limitations period expired on July 29, 2010. Consequently, the state habeas application did not toll the limitations period under § 2244(d)(2) because it was filed well after the period had expired. Richards, 710 F.3d at 576; Scott, 227 F.3d at 263. Pyrtle is not entitled to equitable tolling regarding the state courts' alleged failure to review and act on the application in a timely manner because he has not shown that he "pursued the [habeas corpus relief] process with diligence and alacrity." Stroman v. Thaler, 603 F.3d 299, 302 (5th Cir. 2010). The delays in the state habeas process can be attributed to Pyrtle's lack of diligence, and he is not entitled to relief. Id.

Pyrtle's alleged difficulties with maintaining possession of his legal materials do not qualify as impediments that would warrant equitable tolling. Scott, 227 F.3d at 263. Moreover, these events occurred well after the expiration of the limitations period. Pyrtle has failed to show how the confiscation prevented

him from filing a timely federal habeas petition. <u>Krause v. Thaler</u>, 637 F.3d 558, 561 (5th Cir. 2011).

Pyrtle's other difficulties -- the fight with his cellmate, the resultant injury, the subsequent transfer, and the harassment at his new unit -- do not warrant tolling because the events occurred well after the expiration date of the AEDPA statute of limitations. Pyrtle is not entitled to equitable tolling because he has not demonstrated that he pursued his rights diligently. <u>Arita v. Cain</u>, 500 F. App'x 352, 354 (5th Cir. 2012) ("Equitable tolling 'is not intended for those who sleep on their rights.'"), quoting <u>Mathis</u>, 616 F.3d at 474.

It is clear that Pyrtle's petition for a writ of habeas corpus was filed more than a year after his conviction was final, and it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). Pyrtle was not subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Further, this court does not find that Pyrtle is entitled to equitable tolling. Therefore, this habeas action is dismissed because it is untimely.

## V. Certificate of Appealability

A Certificate of Appealability ("COA") will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S. Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Pyrtle has not made a substantial showing that reasonable jurists would find the

court's procedural ruling to be debatable. Therefore, a COA from this decision will not be issued.

### VI. Conclusion

1. This Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 3rd day of December, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE